UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD H. ZUESKI,

    Plaintiff,

                                                      Civil Action No. 15-13902

v.

                                                      HONORABLE DENISE PAGE HOOD

MSP, et al.,

    Defendants.

_____/

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT
PREPAYING FEES AND SUMMARILY DISMISSING COMPLAINT**

    Before the Court is Plaintiff Ronald H. Zueski's Application to Proceed Without Prepaying Fees or Costs. (Doc. No. 2) A review of the application supports Plaintiff's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendants.

    Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In

*McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff asserts that all the Defendants who are police officers used unnecessary or excessive force when they arrested him, even though he was in total surrender mode and had followed their instructions. (Comp., Doc. No. 1, Pg ID 1) 2, 7) Plaintiff further asserts that he was placed in a prison with no library, that the MDOC was "in cahoots" with the Defendants, evidence was stolen from his locker,

2

he was beaten in his sleep, suffered broken bones, was rushed to the hospital, and when he requested a $1 million during his deposition, they laughed at him. (Comp., Doc. No. 1, Pg ID 2) There are no dates or places alleged in Plaintiff's Complaint as to when and where all of these acts occurred against Plaintiff. There are also no allegations in the Complaint as to which Defendant did which act on Plaintiff.

The cover sheet does indicate a previously filed case before the Court, Case No. 07-10245, *Zueski v. Woodhaven Police Department, et al.*, (Comp., Doc. No. 1, Pg ID 5, 8) The 07-10245 case was dismissed on September 9, 2008. (Case No. 07-10245, Doc. Nos. 146-47) Plaintiff filed an appeal of that decision on October 3, 2008. (Case No. 07-10245, Doc. No. 149) The Sixth Circuit Court of Appeals issued an order affirming the dismissal of Plaintiff's case on November 23, 2009. *See, Zueski v. Prause*, Case No. 08-2288 (6th Cir. Nov. 23, 2009) (unpublished). The Sixth Circuit Mandate issued on September 14, 2010. (Case No. 07-10245, Doc. No. 161) Plaintiff's writ of certiorari to the United States Supreme Court was denied on February 22, 2011. *See, Zueski v. Prause,* Case No. 10-7968, 141 S.Ct. 1496 (Feb. 22, 2011)(Mem.). The 07-10245 case involved an excessive force claim by Plaintiff against the same various police officers and agencies noted in this case.

In its modern form, the doctrine of *res judicata* involves both "claim preclusion" and "issue preclusion." See *Migra v. Warren City School District Bd. of*

*Educ.*, 465 U.S. 75, 77 n. 1 (1984).  Claim preclusion involves three elements: 1) there must be a final judgment on the merits on the prior lawsuit; 2) the same claims are involved; and 3) the same parties or their privies are involved.  *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3rd Cir. 1990); *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *James v. Gerber Products Co.*, 587 F.2d 324, 327-28 (6th Cir. 1978).  *Res judicata* requires that a plaintiff initially raise all claims in prior suits and therefore bars those claims from being litigated at some future time.  See *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998).

A liberal reading of Pliantiff's Complaint shows that he has failed to state a claim upon which relief may be granted under Rule 12(b)(6) of the Rules of Civil Procedure.  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Plaintiff's Complaint sets forth no factual allegations sufficient to raise a right to relief.  In addition, Plaintiff has previously raised his excessive force claims against the current Defendants, which were dismissed by this Court and affirmed by the Sixth Circuit Court of Appeals.  Plaintiff's claims in this Complaint

are barred by the doctrine of *res judicata*.

For the reasons set forth above,

IT IS ORDERED that Plaintiff Ronald H. Zueski's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.  The Court denies any request to proceed on appeal *in forma pauperis* without prepaying fees or costs.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager